## Mansueti v. King

*J. Havey,* for plaintiff.

*Stewart P. McConnel,* for defendants.

KLEIN, J., June 21, 1972.—We have before us preliminary objections to plaintiff's complaint filed by defendant Board. Neither an appearance nor a pleading has been filed on behalf of defendant King. The objections are in the nature of a demurrer and a motion for a more specific pleading.

In considering the demurrer, all well-pleaded facts are taken as true (Dippel et al. v. Brunozzi, 365 Pa. 264), and includes inferences reasonably deducible therefrom: Papieves et ux. v. Kelly, 437 Pa. 373. Further, if there is any doubt as to whether the demurrer should be sustained, such doubt should be resolved in favor of refusing to enter it: Hoffman v. Misericordia Hospital of Philadelphia, 439 Pa. 501.

The complaint alleges, inter alia, (1) that plaintiff is the widow of one Julio Mansueti; and (2) that Julio Mansueti, at the time of his death was the owner of the automobile which is the subject of this action in replevin.

The Act of November 9, 1965, P. L. 666, 75 PS §207.1, provides as follows:

"Transfer of certificate of title to a surviving spouse, or any person designated by said spouse, may be made without the necessity of letters notwithstanding the fact that there are minor children surviving tne decedent: Provided, That the surviving spouse files an affidavit that all the debts of the decedent have been paid."

In the case of Summers Estate, 424 Pa. 195, the court held that

"Although an indicium of ownership, a certificate of title is not conclusive evidence of ownership of a motor vehicle but rather establishes the person entitled to *possession*." (Italics supplied.)

"The plaintiff in a replevin action must show a right to possession and a general or special property right in the property": P. L. E., Replevin, §6.

Consequently, there is at least some doubt as to whether the demurrer should be sustained and, therefore, the demurrer must be overruled.

In support of his motion for a more specific pleading, defendant board asserts that since two defendants were named, the cause against each should be set forth in separate counts, that the complaint is deficient because it fails to state how possession was obtained by each defendant and fails to allege the date of commencement of unlawful detention by defendants.

There is no doubt that the complaint could have been more artfully drawn and should have stated specifically how and when Julio Mansueti became the owner of the automobile and should have set forth specifically whether and when plaintiff obtained transfer of the title. However, as stated under Commentary, Goodrich-Amram §1019-1:

"The function of the pleadings is to put the opponent on notice of what he will be called upon to meet

at the trial, and to define the issues which will be tried. The fact-pleading system is designed to compel a concise orderly statement of the ultimate facts, so that litigation will be expedited, dilatory pleadings eliminated and the parties will not be forced 'to depositions in all cases.' "

It is clear from a reading of the complaint that defendant is on notice as to what he will be called upon to meet at the trial and defendant board would be more likely to have knowledge of some facts than would plaintiff-widow. The granting of defendant's motion would merely result in unnecessary delay.

For these reasons, we make the following

## ORDER

Now, June 21, 1972, defendant board's preliminary objections are overruled. Defendant board may file an answer within 20 days from the date of this order.